## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ENYOU MONTES, | § | Case No. |
| | § | |
| Plaintiff, | § | |
| | § | **COMPLAINT FOR DAMAGES** |
| v. | § | **UNDER THE TELEPHONE** |
| | § | **CONSUMER PROTECTION ACT** |
| MIRAND RESPONSE SYSTEMS, INC., | § | **AND OTHER EQUITABLE RELIEF** |
| | § | |
| Defendant. | § | |
| | § | **JURY TRIAL DEMANDED** |

## PARTIES

1.   Plaintiff, Enyou Montes ("Enyou"), is a natural person who resided in Grand Prairie, Texas, at all times relevant to this action.

2.   Defendant, Mirand Response Systems, Inc. ("MRS"), is a Texas corporation that maintained its principal place of business in Houston, Texas, at all times relevant to this action.

## JURISDICTION AND VENUE

3.   Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.   Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5.   Within the past forty-eight months, MRS began calling Enyou on his cellular phone ending in -3689 for the purpose of speaking with someone other than Enyou.

6.  On more than one occasion, Enyou advised MRS he did not know the individual MRS was looking to speak with and communicated his desire that MRS cease calling him.

7.  On at least one occasion, MRS told Enyou that MRS would remove Enyou's number from MRS's system.

8.  Despite these communications, MRS continued to call Enyou on his cellular phone for the purpose of speaking with someone other than Enyou.

9.  MRS's collection efforts, including but not limited to its telephone calls, caused Enyou emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

10. MRS's collection efforts also intruded upon Enyou's privacy.

11. In addition, each time MRS placed a telephone call to Enyou, MRS occupied Enyou's telephone number such that Enyou was unable to receive other phone calls at that telephone number while MRS was calling him.

12. MRS's telephone calls also forced Enyou to lose time by having to tend to MRS's unwanted calls.

## COUNT ONE

### Violation of the Telephone Consumer Protection Act

13. Enyou re-alleges and incorporates by reference Paragraphs 5 through 12 above as if fully set forth herein.

14. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

15.     The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

16.     "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers."  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

17.     A telephone dialing system with predictive dialer functionality is an ATDS within the meaning of the TCPA.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

18.     MRS used a telephone dialing system with predictive dialer functionality to place calls to Enyou on his cellular telephone.

19.  The TCPA provides, in part:

(b)  RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

* * *

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

20.  The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7999-8000, ¶ 72-73 (2015).

21.  Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 641 (7th Cir. 2012); *Sterling v. Mercantile Adjustment Bureau, LLC*, 2014 WL 1224604, *3 (W.D.N.Y. Nov. 22, 2013).

22.  A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7999-8000, ¶ 72 (2015).

23. Enyou was the "called party" in each telephone call MRS placed to Enyou's cellular telephone.

24. MRS violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Enyou on his cellular telephone without Enyou's prior express consent or after such consent had been revoked.

25. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

26. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...."  47 U.S.C. § 312(f).

27. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute.  *See Roylance v. ALG Real Est. Servs., Inc*. 2015 WL 1522244, *9 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206, *7 (N.D. Ill. Mar. 19, 2013); *Stewart v. Regent Asset Mgmt. Solutions, Inc.*, 2011 WL 1766018, *7 (N.D. Ga. May 4, 2011).

28. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA.  *See Bridgeview*, 2013 WL 1154206, at *7; see also *Roylance*, 2015

WL 1522244, at *9 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

29. MRS voluntarily placed telephone calls to Enyou's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

30. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1322 (S.D. Fla 2012); *aff'd* 755 F.3d 1265 (11th Cir. 2014).

31. MRS failed to adequately place intermittent live verification calls to Enyou's cellular telephone number to ensure that Enyou had provided his express consent to MRS to call those telephone numbers.

32. MRS's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## JURY DEMAND

33. Enyou demands a trial by jury.

## PRAYER FOR RELIEF

34. Enyou prays for the following relief:

    a. An order enjoining MRS from placing further telephone calls to Enyou's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    b. Judgment against MRS for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call MRS made in violation of the TCPA.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


Date: February 14, 2017

By: /s/ David M. Menditto
David M. Menditto, Esq. (Illinois Bar No. 6216541)
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: davidm@fairdebt411.com
One of Plaintiff's Attorneys